IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TARIQ FAROOQ<br><br>*Plaintiff*<br><br>vs.<br><br>STANDARD CHARTERED BANK<br><br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§ Case No. 4:24-cv-0336<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT STANDARD CHARTERED BANK'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Standard Chartered Bank ("SCB") hereby removes to this Court the lawsuit captioned *Tariq Farooq vs. Standard Chartered Bank*, Cause No. 493-01834-2024, now pending in the 493rd Judicial District Court of Collin County, Texas ("State Court Action"). Removal of this action is proper pursuant to diversity jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). In support of its removal, SCB submits this Notice of Removal and respectfully shows the Court as follows.

### I.   SUMMARY

1. Plaintiff filed his Original Petition in the State Court Action on March 27, 2024 ("Petition"). A certified copy of the Docket Sheet from the State Court Action is attached hereto as <u>Exhibit A</u>. In accordance with 28 U.S.C. § 1446(a) and Local Rule CV-81(c)(2), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of <u>Exhibit B</u>.

2. This is a civil action bizarrely alleging extreme wrongdoing and seeking extraordinary damages against SCB for voluntarily responding as a non-party to a court-ordered

subpoena in a divorce proceeding between Plaintiff Tariq Farooq and Ms. Ambreen Sahar Jafri ("Divorce Case"). A copy of the subpoena duces tecum to SCB's New York Branch ("SCB NY") dated September 2, 2021 in Cause No. 468-51752-2020 styled *In the Matter of the Marriage of Ambreen Sahar Jafri v. Tariq Farooq* in the 468th Judicial District Court of Collin County, Texas is attached hereto as Exhibit C ("Subpoena"). A copy of the response letter by SCB NY dated October 5, 2021 is attached hereto as Exhibit D ("Subpoena Response").

3. Plaintiff alleges against SCB claims of fraud, deceptive trade practices, breach of fiduciary duty, intentional infliction of emotional distress, financial abuse, and abuse of process associated with its Subpoena Response. The apparent basis for the claims, in simplest form, is that SCB was overly inclusive in the document production enclosed in the Subpoena Response, which then caused an "erroneous judgment" by the Texas court – i.e., a final divorce decree that divided the marital estate in a manner that displeased Plaintiff. *See* Exh. B-1, ¶ 5.2. A copy of the Final Decree of Divorce dated November 15, 2022 is attached hereto as Exhibit E ("Final Divorce Decree").

4. Plaintiff seeks exemplary damages based on fraud, malice, and intentional conduct; emotional and mental anguish damages for severe emotional distress; treble damages and attorneys' fees under Texas deceptive trade statutes; disgorgement of profits and fee forfeitures; economic damages for lost income, assets, property rights and pecuniary harm; among other damages; and actual damages relating to improper distribution and divestment of assets and funds due to inaccurate financial evidence. *See* Exh. B-1, ¶ 6.1.

5. Plaintiff appealed the Final Divorce Decree with voluminous publicly filed briefs that include statements by Plaintiff that are relevant to the claims herein. A copy of Appellant's Amended Brief on Appeal filed October 31, 2023, in Case No. 05-22-01292-CV styled *In the*

*Interest of H.A.F., F.A.F., and M.T.A.F., Children*, in the Court of Appeals for the Fifth Judicial District Court, Dallas Division is attached hereto as <u>Exhibit F</u> ("Appellant's Brief").  A copy of Appellant's Reply Brief on Appeal filed February 21, 2024 in the same case is attached hereto as <u>Exhibit G</u> ("Appellant's Reply Brief").

## II.   TIMELY REMOVAL

6. Plaintiff's Original Petition in the State Court Action was filed on March 27, 2024. Exh. B-1.  SCB was served with Plaintiff's Original Petition in the State Court Action on April 1, 2024.  Exhibit B-2.  Removal is timely since thirty (30) days have not expired since Plaintiff's Original Petition was received by or served on SCB.  28 U.S.C. § 1446(b).

## III.   VENUE

7. Venue for removal is proper in the Sherman Division for the United States District Court for the Eastern District of Texas, under 28 U.S.C. §§ 1441(a) and 1446(a), because this district and division embrace the 493rd Judicial District Court of Collin County, Texas, in which the removed State Court Action was pending.  There are no other named defendants to give rise to requisite consent or joinder.

## IV.   BASIS OF REMOVAL – DIVERSITY JURISDICTION

8. Removal of this action is proper pursuant to diversity jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  28 U.S.C. §§ 1332(a) and 1441.  Complete diversity exists in this case because SCB is not a citizen of Texas or of the same state as Plaintiff; and, as set forth below, the amount in controversy requirement is satisfied.

**A.   There is complete diversity of citizenship between the parties.**

9. Plaintiff is a resident and citizen of Texas for purposes of diversity jurisdiction.  "A

natural person is considered a citizen of the state where she is domiciled, that is, where she has a fixed residence with the intent to remain there indefinitely." *Matthews v. United Rd. Servs., Inc.*, No. 4:22-CV-00670, 2022 WL 17069114, at *2 (E.D. Tex. Nov. 17, 2022) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff alleged in his Petition that he "is an individual residing at 3500 S. Echo Trl Plano TX 75023 in Collin County, Texas." Exh. B-1, ¶ 2.1. Plaintiff is a natural person, who has claimed Collin County as his residence and domicile, and SCB is not aware of any evidence that indicates Plaintiff does not intend to remain in Texas. *Id.* Accordingly, Plaintiff is a citizen of Texas for diversity purposes.

10. SCB is not a citizen of Texas for purposes of diversity jurisdiction. A corporation is deemed a citizen of the state in which it has its principal place of business and in which it has been incorporated. 28 U.S.C. § 1332(c)(1). Plaintiff alleged in his Petition that SCB "is a foreign bank with its office located at 1095 Avenue of the Americas, New York, NY 10036." Exh. B-1, ¶ 2.2. SCB agrees with Plaintiff's allegation that SCB is a foreign bank. SCB is organized and existing under the laws of England and Wales, and has its headquarters and principal place of business in London, England. The existence of a New York Branch, one office in Houston, Texas (that does not clear U.S. dollar transactions and only provides banking services to corporate clients), and registered agents in certain states (including Texas) does not change the fact that SCB is not and never has been a citizen of Texas. Accordingly, SCB is not a citizen of Texas for purposes of diversity jurisdiction.

11. Based on the above, at the time the State Court Action was commenced and at the time of removal, SCB was and currently remains diverse in citizenship from Plaintiff. Because no defendant is a citizen of Texas, there is complete diversity for purposes of diversity jurisdiction.

**B.      The amount in controversy exceeds $75,000.**

12.     The amount in controversy exceeds $75,000.00 despite Plaintiff not alleging a specific amount of damages in his Petition. *See generally* Exh. B-1. When a petition does not allege a specific amount of damages, the removing defendant need simply prove by preponderance of that evidence that the amount in controversy exceeds $75,000.00. *See Curran v. Safeco Ins. Co. of Indiana*, No. 4:23-CV-1057, 2024 WL 69064, at *2 (E.D. Tex. Jan. 5, 2024) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)); *Mason v. Bank of Am.*, No. 4:13CV738, 2014 WL 468110, at *1 (E.D. Tex. Feb. 3, 2014) (citing *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639-40 (5th Cir. 2003)).

13.     A defendant may satisfy the amount in controversy requirement "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.' " *Curran*, No. 4:23-CV-1057, 2024 WL 69064, at *4 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Mason*, No. 4:13CV738, 2014 WL 468110, at *1 (citing *Corley v. Southwestern Bell Tel. Co.*, 924 F. Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992) (noting that a federal district court may make an independent appraisal of the amount in controversy))).

**Facts in Controversy**

14.     A review of the Final Divorce Decree and Plaintiff's briefings on appeal demonstrates clear support for the amount in controversy exceeding $75,000.00. *See generally* Exhs. E, F, and G. Plaintiff appeals a substantial number of items within the Final Divorce Decree, one of which includes an assertion that SCB's Subpoena Response "contain[ed] transactions worth

*hundreds of thousands of dollars* that were falsely attributed to [Plaintiff] by the trial court." *See* Exh. F (Appellant's Brief), p. 73 (emphasis added).

15. Even a cursory review of Plaintiff's appellate briefing shows over $650,000 that Plaintiff seemingly believes was inequitably and erroneously assigned, in part, on the basis of the Subpoena Response. These include, by limited examples, that child support for two children should have been no more than $61.34 instead of the $1,058.97 per month (beginning on September 1, 2022 and potentially lasting through February 26, 2028) (Exh. F, p. 34), potentially accounting for more than $65,000 Plaintiff believes was inequitably assigned to his account; that the trial court abused its discretion by ordering certain debts to be Plaintiff's own "separate debt … not to be divided equally between the parties," including over $100,000 in medical debt (Exh. F, pp. 57-58), $71,000 in personal credit card debt, judgments, and/or liens (Exh. F, p. 58), and $800,000 in US and overseas debt (Exh. F, p. 58), potentially accounting for more than $485,000 that Plaintiff believes was inequitably assigned to his account; and that the trial court did not consider "more than $200k for the division of the community estate" for certain enumerated items (Exh. F, p. 58), potentially accounting for more than $100,000 that Plaintiff believes was inequitably assigned to his account.

16. The Petition further alleges actual damages to be proven at trial relating to the improper distribution and divestment of assets and funds in the Divorce Case due to inaccurate financial evidence as a result of SCB's actions. *See* Exh. B-1, ¶ 6.1. Plaintiff specifically alleges in his Petition that SCB NY's Subpoena Response caused him to suffer "actual injury in the form of an erroneous judgment that did not accurately reflect his true income and separate property interests," to be injured by "contributing to an erroneous judgment dividing the marital estate under fundamentally flawed factual predicates regarding Plaintiffs actual net resources" and "that did

not accurately reflect his true income and separate property interests," and to be "caused concrete economic harm by improperly depriving Plaintiff of assets and funds to which he is rightly entitled." *See* Exh. B-1, ¶¶ 4.1, 5.5, and 5.29.

17. These values show that Plaintiff's amount in controversy – before any damages associated with treble multipliers, exemplary damages, attorney's fees, and the like – adds up to well above the minimum threshold for diversity removal.

**Facially Apparent Claims**

18. In addition to the foregoing, SCB sufficiently shows that it is facially apparent from the Petition that Plaintiff's claims are well above the jurisdictional amount.

19. Treble Damages: Plaintiff alleged in his Petition that he seeks treble damages and attorneys' fees under the Texas Deceptive Trade Practices Act. *See* Exh. B-1, ¶¶ 5.8, 5.9, and 6.1. Treble damages may be considered when determining the amount in controversy. *See Nguyen v. AmGuard Ins. Co.*, No. 4:22-CV-175-SDJ, 2022 WL 17477545, at *3 (E.D. Tex. Dec. 6, 2022) (denying remand partially on basis that a $36,015 claim inflates to an over $108,000 claim due to a treble damages multiplier); *Greco v. Jones*, 992 F. Supp. 2d 693, 699–700 (N.D. Tex. 2014) (reasoning that a $22,000 DTPA claim assessed with treble damages and conservative attorney's fees may meet the $75,000 threshold). Here, even a limited subset of the calculations included within Plaintiff's appellate court briefs substantially overcomes the minimum threshold when applied to a treble damages multiplier.

20. Exemplary Damages and Attorneys' Fees: Plaintiff alleged in his Petition that he seeks exemplary damages and attorneys' fees. In determining whether the amount in controversy meets the jurisdictional limit, attorneys' fees and exemplary damages can be considered. *See Cantrell v. Wells Fargo Bank, NA*, No. 4:11-CV-837, 2012 WL 1142895, at *2 (E.D. Tex. Apr. 4,

2012), *report and recommendation adopted*, No. 4:11-CV-837, 2012 WL 4506573 (E.D. Tex. Sept. 28, 2012) (citing *In re Abbott Labs.*, 51 F.3d 524, 526–27 (5th Cir.1995)).  Here, even a limited exemplary damages or attorneys' fee award overcomes the minimum threshold.

21. <u>Discovery Level 2</u>: Plaintiff alleged in his Petition that he "intends to conduct discovery in this matter under Level 2 … of the Texas Rules of Civil Procedure." Exh. B-1, ¶ 1.1.  This Court has held that "the fact that [[a] plaintiff] did not seek to utilize the expedited discovery procedures available to Level 1 plaintiffs seeking less than [$250,000]] under the Texas rules is relevant to determining the [amount-in-controversy]," and, in that circumstance, a plaintiff's "choice [to conduct Level 2 discovery] further supports a finding that it is facially apparent that [the plaintiff's] claims likely exceed $75,000." *Curran*, No. 4:23-CV-1057, 2024 WL 69064, at *4 (quoting *Moore v. Gladiator Events, LLC*, No. 3:15-CV-01877-M, 2015 WL 5459625, at *6 (N.D. Tex. Sept. 15, 2015)).

22. <u>Maximizing Award</u>:  Plaintiff alleged in his Petition that he seeks multiple types of damages (i.e., exemplary damages, emotional and mental anguish damages, statutory treble damages and attorneys' fees, disgorgement of profits and fee forfeitures, economic damages, actual damages, pre and post-judgment interests at the maximum legal rate, costs of suit, other unliquidated damages).  *See* Exh. B-1, ¶ 6.1.  "A plaintiff that seeks multiple types of damages, including punitive damages, suggests that [he] is seeking to maximize [his] award." *Curran*, No. 4:23-CV-1057, 2024 WL 69064, at *4 (quoting *Jung v. 24 Hour Fitness USA, Inc.*, No. 4:17-CV-787, 2017 WL 6498105, at *4 (E.D. Tex. Dec. 19, 2017)).  This Court has held that "it is facially apparent from [a plaintiff's] petition… that the amount-in-controversy likely exceeds $75,000," where the plaintiff sought damages for emotional distress, mental anguish, statutorily authorized attorneys' fees and treble damages, high interest per annum, and exemplary damages beyond its

mere contractual loss of benefits. *Id.*; *see also Fredrichs v. Time Ins. Co.*, No. 407CV12, 2007 WL 1624310, at *3 (E.D. Tex. June 1, 2007), *report and recommendation adopted*, No. 4:07-CV12, 2007 WL 1795697 (E.D. Tex. June 20, 2007) (denying motion to remand).

23. Because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000, this Court has jurisdiction per 28 U.S.C. §§ 1332, 1441.

## V. NOTICE

24. Pursuant to 28 U.S.C. § 1446(d), SCB will file a copy of this Notice of Removal with the Clerk of the Court for the 493rd Judicial District Court for Collin County, Texas. SCB will also provide Plaintiff with written notice of this filing.

25. In removing this case to federal court, SCB expressly reserves, and does not waive, any and all jurisdictional, venue, or other objections that SCB might have to the claims asserted against it by any party under Federal Rule of Civil Procedure 12 or otherwise, including without limitation a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b).

## VI. PARTIES

In accordance with Local Rule CV-81(c)(1), the following is a list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (e.g., pending, dismissed).

<u>Plaintiff</u>: Tariq Farooq

<u>Defendant</u>: Standard Chartered Bank

<u>Case Status</u>: Pending

## VII. INDEX OF DOCUMENTS ATTACHED

In accordance with Local Rule CV-81(c)(2), the following is an index of the requisite

documents furnished at the time of this Notice of Removal, including a civil cover sheet and certified copy of the state court docket sheet, a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.), all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a).

| | |
|---|---|
| Exhibit A: | Certified Copy of the State Court Docket Sheet for Cause No. 493-01834-2024 styled *Tariq Farooq vs. Standard Chartered Bank*, in the 493rd Judicial District Court of Collin County, Texas; |
| Exhibit B: | Pleadings in Cause No. 493-01834-2024 styled *Tariq Farooq vs. Standard Chartered Bank*, in the 493rd Judicial District Court of Collin County, Texas; |
| | B-1: Plaintiff's Original Petition. |
| | B-2: Citation. |
| Exhibit C: | Subpoena Duces Tecum to Standard Chartered Bank dated September 2, 2021 in Cause No. 468-51752-2020 styled *In the Matter of the Marriage of Ambreen Sahar Jafri v. Tariq Farooq* in the 468th Judicial District Court of Collin County, Texas; |
| Exhibit D: | Response Letter from SCB NY dated October 5, 2021 to Subpoena Duces Tecum to Standard Chartered Bank dated September 2, 2021 in Cause No. 468-51752-2020 styled *In the Matter of the Marriage of Ambreen Sahar Jafri v. Tariq Farooq* in the 468th Judicial District Court of Collin County, Texas (includes redactions for the purpose of this filing); |
| Exhibit E: | Final Decree of Divorce dated November 15, 2022, in Cause No. 468-51752-2020 styled *In the Matter of the Marriage of Ambreen Sahar Jafri and Tariq Farooq and in the Interest of F.A.F. and M.A.F., Children*, in the 468th Judicial District Court of Collin County, Texas (includes redactions for the purpose of this filing); |
| Exhibit F: | Appellant's Amended Brief on Appeal filed October 31, 2023, in Case No. 05-22-01292-CV styled *In the Interest of H.A.F., F.A.F., and M.T.A.F., Children*, in the Court of Appeals for the Fifth Judicial District Court, Dallas Division (includes redactions for the purpose of this filing); and |

Exhibit G: Appellant's Reply Brief on Appeal filed February 21, 2024, in Case No. 05-22-01292-CV styled *In the Interest of H.A.F., F.A.F., and M.T.A.F., Children*, in the Court of Appeals for the Fifth Judicial District Court, Dallas Division.

## VIII.   ALL KNOWN COUNSEL OF RECORD

In accordance with Local Rule CV-81(c)(3), the following is a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney.

For Plaintiff:   Inapplicable (*pro se* representation).

For SCB:   Jim L. Silliman
Eversheds Sutherland (US) LLP
Texas Bar No. 24081416
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
jimsilliman@eversheds-sutherland.com

## IX.   PARTIES THAT HAVE REQUESTED TRIAL BY JURY

In accordance with Local Rule CV-81(c)(4), the following parties have requested a jury trial to-date: None.

## X.   REMOVED FROM THE FOLLOWING COURT

In accordance with Local Rule CV-81(c)(5), the following are the names and addresses of the Court from which the case is being removed.

Cause No. 493-01834-2024
493rd Judicial District Court of Collin County, Texas
The Honorable Christine Nowak
Russell A. Steindam Courts Building
2100 Bloomdale Rd.
McKinney, Texas 75071
Telephone: (214) 491-4870

District Clerk Michael Gould
Russell A. Steindam Courts Building
2100 Bloomdale Rd.
McKinney, Texas 75071
McKinney: (972) 548-4320
Metro: (972) 424-1460 ext. 4320

## XI. CONCLUSION

26. For the reasons stated above, SCB respectfully removes this civil action from the 493rd Judicial District Court for Collin County, Texas, and respectfully requests that the Court take jurisdiction over this matter, proceed as if the Plaintiff had originally filed with the Court, and conduct all further proceedings in this Court.

DATED this 19th day of April, 2024.

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Jim L. Silliman*
Jim L. Silliman
Texas Bar No. 24081416
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
jimsilliman@eversheds-sutherland.com

**ATTORNEY FOR DEFENDANT
STANDARD CHARTERED BANK**

### CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2024, a true and correct copy of the foregoing was served upon the *pro se* plaintiff, Mr. Tariq Farooq, via certified U.S. mail return receipt requested and/or regular mail to the following address.

Tariq Farooq
3500 S. Echo Trl
Plano, Texas 75023

*/s/ Jim L. Silliman*
Jim. L. Silliman