# EXHIBIT B-1

CAUSE NO. 493-01834-2024

| | |
|---|---|
| TARIQ FAROOQ | IN THE DISTRICT COURT |
| Plaintiff. | |
| VS. | 493rd JUDICIAL DISTRICT |
| STANDARD CHARTERED BANK. | COLLIN COUNTY, TEXAS |

FILED 2024 MAR 27 AM 11:31
MICHAEL GOULD
DISTRICT CLERK
COLLIN COUNTY, TX
BY _____ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

### 1. DISCOVERY CONTROL PLAN

1.1. Plaintiff intends to conduct discovery in this matter under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. However Plaintiff reserves the right to Level 3

### 2. PARTIES

2.1. Plaintiff Tariq Farooq is an individual residing at 3500 S. Echo Trl Plano TX 75023 in Collin County, Texas.

2.2. Defendant Standard Chartered Bank is a foreign bank with its office located at 1095 Avenue of the Americas, New York, NY 10036. Defendant may be served with process by serving its registered agent, 1100 TEXAS COMMERCE TWR 600 TRAVIS HOUSTON, TX 77002 or its branch address at 1980 POST OAK BOULEVARD SUITE 1720 Houston 77056 and/or any other registered serviceable address.

### 3. JURISDICTION AND VENUE

3.1. This Court has subject matter jurisdiction over this case because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2. This Court has personal jurisdiction over Defendant pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant has purposefully availed itself of the privileges and benefits of conducting business activities in Texas, and Plaintiff's claims arise from and relate to those activities.

3.3. Specifically, Defendant purposefully directed its conduct towards Texas by responding to a subpoena issued from a Texas court and providing financial records regarding a Texas resident pursuant to Texas legal proceedings. Defendant could reasonably anticipate being haled into court in Texas based on this purposeful availment.

3.4. Venue is proper in Collin County under § 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this claim occurred in this county.

3.5. The divorce case and the issuance of the original subpoena to which Defendant improperly responded both arose in Collin County. Defendant's wrongful production and disclosure of financial records had a direct impact and caused significant, material and substantial injury in Collin County by tainting the judicial proceedings.

## 4. FACTS

4.1. This case arises from Defendant's wrongful conduct in egregiously violating financial privacy laws and disclosing reams of confidential account data and financial records regarding Plaintiff, his ex-wife, and numerous other individuals beyond the limited scope permitted by a subpoena issued in divorce litigation in Collin County, Texas. Defendant's misconduct tainted those judicial proceedings and led to an erroneous judgment against Plaintiff.

### The Divorce Case and Subpoena

4.2. In Cause No. 468-51752-2020 of Collin County TX, styled In the Matter of the Marriage of Ambreen Sahar Jafri and Tariq Farooq, and pending in the 468th District Court of Collin County, Texas (the "Divorce Case"), Ambreen Sahar Jafri

(Plaintiff's ex-wife and the petitioner) issued a subpoena dated September 2, 2021 to Defendant Standard Chartered Bank.

4.3.    The subpoena requested Defendant to produce limited financial records pertaining solely to accounts and transactions related to Plaintiff for purposes of determining issues in their divorce proceeding.

### Defendant's Improper Disclosure of Confidential Financial Data

4.4.    However, instead of properly limiting its response to only the records properly requested regarding the parties to the Divorce Case, Defendant took the shockingly overly broad approach of producing a large volume of confidential financial data relating not just to Plaintiff and his ex-wife, but also to multitudes of other individual and institutional banking customers wholly unrelated to and not properly encompassed within the subpoena.

4.5.    Incredibly, the confidential records Defendant wrongfully produced and disclosed included private financial information regarding "Ahmadiyya Muslim Jama'at, Western Union Business, Western Union Business Solutions, Ahsan Tariq S/O Tariq Farooq, Muhammad Zeeshan Arif Chaudhary, National Westminster Bank PLC, Royal Bank of Scotland Group, Bank Al Habib" – as well as anyone else in Defendant's systems globally who had a name even remotely similar to "Tariq Farooq" anywhere in the world.

4.6.    Defendant's document production reflected a stunning degree of disregard for the privacy rights and confidentiality of its customers' financial data. Its overbroad disclosure of this sensitive information constituted an extreme abuse of the financial rights of Plaintiff and many others.

### Impacts on the Divorce Case

4.7.    The opposing counsel in the Divorce Case, Ms. Vanita Aphan-Kirkland of the Texas Muslim Women's Foundation, then took full advantage of Defendant's improper over-production and improperly utilized the plethora of irrelevant financial records as purported evidence against Plaintiff regarding his income, finances, and marital estate.

4.8.    This information tainted the judicial proceedings by giving an improperly inflated and false impression of Plaintiff's financial resources and transactions beyond what was warranted by the limited subpoena.

4.9.    Based substantially on the distorted financial data improperly produced by Defendant, the trial court in the Divorce Case entered judgment against Plaintiff under an incorrect factual basis regarding the characterization and division of the marital estate.

### Subsequent Attempts to Resolve the Matter

4.10.   After the final judgment in the Divorce Case revealed Defendant's extreme overproduction of confidential financial records, Plaintiff issued multiple subpoenas in 2023 and 2024 to Defendant seeking to obtain a formal acknowledgment and accounting of Defendant's previous misconduct.

4.11.   Specifically, Plaintiff's subpoenas requested a "Notarized Business Records Affidavit from Standard Chartered Bank New York Branch, Legal Department certifying that the documentation supplied to 'Vanita Aphan-Kirkland Texas Muslim Women's Foundation PO Box 863388 Plano, TX 75086' regarding the 468th District Court of Collin County, TX Cause No. 468-51752-2020 Subpoena Issued on September 2, 2021 supplied by Standard Chartered Bank on October 5, 2021 contains Bank and Money Transfer / Wire Transfer Records regarding Taric Farooq (Last 4 of SS: 7490) and Ambreen Sahar Jafri (Last 4 of SS: 6856) in addition to OTHER Standard Chartered Bank Customers with any names similar to TARIQ FAROOQ and AMBREEN SAHAR JAFRI e.g. [listing the various other individuals and entities]." Timely compliance with the subpoenas could have correct the situation in the pending Appellate action regarding the divorce matter. Instead of complying with the subpoenas, Defendant engaged in a series of evasive actions further harming the plaintiff.

4.12.   Defendant has engaged in a pattern of evasive conduct, failing to properly respond, evading service, and otherwise avoiding providing the requested formal acknowledgment and accounting of its previous wrongdoing in improperly producing

the vast tranche of confidential financial data for individuals and entities who were complete strangers to the Divorce Case litigation.

### 5.   CAUSES OF ACTION

### COUNT 1: FRAUD

5.1.   Plaintiff re-alleges and incorporates the preceding facts and allegations.

5.2.   By producing and allowing the use of the over-broad array of confidential financial records in the Divorce Case beyond the limited scope called for by the subpoena, Defendant made material misrepresentations to Plaintiff and to the District Court regarding the extent of Plaintiff's income and assets related to the marital estate at issue.

5.3.   Defendant knew or should have known at the time it produced the vast trove of irrelevant financial data that it contained confidential information for numerous customers and transactions having nothing to do with Plaintiff and/or his ex-wife. Yet Defendant remained silent and allowed this inaccurate financial picture to be relied upon as purported evidence against Plaintiff.

5.4.   Defendant knew or should have known that the improperly produced records would be introduced as misleading evidence, and intended for the records to be relied upon by the court for that purpose based on Defendant's superior knowledge of what was properly requested versus what was actually produced.

5.5.   The production and use of this distorted financial data constituted fraud that directly and proximately caused injury to Plaintiff by contributing to an erroneous judgment dividing the marital estate under fundamentally flawed factual predicates regarding Plaintiff's actual net resources.

5.6.   Defendant's conduct was at a minimum malicious and constituted at least a reckless disregard for Plaintiff's financial privacy rights and the sanctity of the judicial proceedings. As such, Plaintiff is entitled to recover exemplary damages.

5.7.   Defendant's conduct constitutes false, misleading, and deceptive acts and practices declared unlawful and a producing cause of Plaintiff's damages.

5.8.   The DPTA provides that a consumer may recover economic damages, mental anguish damages, and up to three times the combined economic and mental anguish damages, in addition to court costs and reasonable and necessary attorneys' fees. See id. §§ 17.50(a)(1), (b)(1), (d).

5.9.   As a result of Defendant's fraud and deceptive practices, Plaintiff is entitled to recover all damages permitted under the DPTA, including economic damages, mental anguish damages, statutory treble damages, court costs, and attorneys' fees.

## COUNT 2: BREACH OF FIDUCIARY DUTY

5.10.  Plaintiff re-alleges and incorporates the preceding facts and allegations.

5.11.  As an involved financial institution, Defendant owed fiduciary duties to Plaintiff, including the duties of candor, good faith, fair dealing, loyalty, care, and safeguarding Plaintiff's confidential financial information.

5.12.  The fiduciary relationship is a special relationship of integrity and fidelity in accomplishing the desired objectives, with the principal's interests remaining paramount - Defendant was obligated to handle his confidential financial data with the utmost integrity, fidelity, and prioritization of his privacy interests.

5.13.  However, Defendant egregiously violated those fiduciary duties of integrity, loyalty, and confidentiality by so carelessly and recklessly producing the vast overly broad financial data to opposing counsel in the Divorce Case litigation pursuant to the subpoena request.

5.14.  Defendant unreasonably disregarded its solemn duties to maintain the confidentiality and privacy of Plaintiff's financial data - as well as that of the scores of other Defendant's banking customers in no way involved in the litigation whose records were improperly disclosed.

5.15.   There was no attempt on Defendant's part to limit the disclosure to only the properly requested information. Defendant simply produced indiscriminate reams of confidential financial records with a shockingly cavalier disregard for its duties to safeguard that sensitive data.

5.16.   Defendant's conduct breached its fiduciary duties in all respects.

5.17.   Moreover, even after improperly producing such an expansive volume of confidential financial records to opposing counsel, Defendant failed to take any remedial steps to acknowledge or correct its misconduct. Instead, Defendant has stonewalled and intentionally evaded subsequent efforts to formally account or correct for the extent of the improper disclosure.

5.18.   Defendant's extreme breaches of its strict fiduciary duties of confidentiality, integrity, loyalty, and care with regard to Plaintiff's sensitive financial data directly and proximately caused injury by tainting the divorce proceedings with an inaccurate and inflated portrayal of Plaintiff's actual financial circumstances.

5.19.   Plaintiff seeks all remedies available at law or in equity for Defendant's breaches of fiduciary duty, including disgorgement of profits, fee forfeiture, and exemplary damages in addition to actual damages.

## COUNT 3: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.20.   Plaintiff re-alleges and incorporates the preceding facts and allegations.

5.21.   Defendant's conduct in wantonly disclosing the private and confidential financial information of Plaintiff and scores of its other customers went beyond mere negligence - it constituted willful, extreme, and outrageous conduct in disregard for Plaintiff's rights of financial privacy.

5.22.   Any reasonable bank would understand the severe potential repercussions of indiscriminately disseminating such a wide-ranging volume of its customers' most personal and confidential financial data. Yet Defendant did so anyway, both in the

original improper production and its subsequent failure to remediate or even acknowledge the full scope of its misconduct.

5.23. Defendant acted with a reckless indifference and conscious disregard for the private financial rights of Plaintiff and others. Such extreme and outrageous conduct exceeds all possible bounds of decency so as to be regarded as utterly intolerable in a civilized community. It was fundamentally inconsistent with the behavior reasonably expected from a financial institution entrusted with guarding the intimate monetary details of its customers' lives.

5.24. Defendant's actions in so grossly violating confidentiality duties caused Plaintiff severe emotional distress manifesting in anxiety, embarrassment, humiliation, anger, loss of enjoyment of life, and other significant mental anguish as his personal financial affairs and resources were displayed and mischaracterized before the court and opposing counsel in the divorce proceedings.

5.25. The severe emotional distress damages inflicted upon Plaintiff were foreseeable given the highly sensitive nature of the confidential financial information involved. Defendant knew or should have known that recklessly producing and disseminating such private monetary data could cause severe mental anguish to Plaintiff.

### COUNT 4: FINANCIAL ABUSE

5.26. Plaintiff re-alleges and incorporates the preceding facts and allegations.

5.27. By improperly producing and allowing the use of Plaintiff's confidential financial data beyond the subpoena's scope, Defendant financially exploited Plaintiff and enabled an abuse of his financial rights and privacy that substantially impaired his litigation interests in the Divorce Case proceedings.

5.28. The financial abuse arising directly from Defendant's misconduct exposed Plaintiff to potentially catastrophic consequences in terms of the marital property division and judgment in the Divorce Case. The distorted financial picture improperly

produced by Defendant threatened Plaintiff's access to funds and resources rightfully his separate property or his appropriate share of the community estate.

5.29. As a direct result of the financial abuse perpetrated and facilitated by Defendant through its wrongful conduct, Plaintiff suffered actual injury in the form of an erroneous judgment that did not accurately reflect his true income and separate property interests. This has caused concrete economic harm by improperly depriving Plaintiff of assets and funds to which he is rightly entitled.

5.30. Furthermore, Defendant's actions in failing to appropriately limit its disclosure, refusing to acknowledge or remediate the misconduct, and stonewalling attempts to obtain proper documentation indicates a ratification and intentional furtherance of the original financial abuse.

5.31. Consequently, in addition to recovering actual damages proven at trial stemming from the improper divestment of assets, Plaintiff is entitled to exemplary damages based on Defendant's intentional and malicious financial abuse.

### COUNT 5: ABUSE OF PROCESS

5.32. Plaintiff re-alleges and incorporates the preceding facts and allegations.

5.33. Defendant made an illegal, improper, and perverted use of the judicial process by repeatedly evading the lawful subpoenas issued by this Court.

5.34. Defendant acted with an ulterior motive and improper purpose of concealing and avoiding correcting its prior egregious misconduct in improperly disclosing confidential financial records.

5.35. Defendant's abuse of process directly caused damages to Plaintiff by impairing his ability to obtain formal acknowledgment and relief regarding Defendant's previous wrongful actions.

### 6. DAMAGES

6.1.   As a proximate result of Defendant's wrongful acts, omissions, tortious conduct, and violations of law, Plaintiff has suffered damages for which he is entitled to recover from Defendant, including:

a) Actual damages to be proven at trial relating to the improper distribution and divestment of assets and funds in the Divorce Case due to the inaccurate financial evidence;

b) Economic damages for any lost income, assets, property rights, or other pecuniary harm;

c) Exemplary damages based on Defendant's fraud, malice, and intentional conduct;

d) Emotional and Mental anguish damages for the severe emotional distress inflicted upon Plaintiff;

e) Treble damages and attorneys' fees under the Texas DTPA;

f) Disgorgement of profits and fee forfeiture relating to Defendant's breaches of fiduciary duty;

g) Pre and post-judgment interest at the maximum legal rate;

h) Costs of suit; and

i) Other unliquidated damages to be determined at trial.

6.2.   The rights of financial privacy and confidentiality grossly violated by Defendant are sacrosanct principles underlying the proper functioning of our banking system. Defendant's shockingly reckless disregard for those core duties warrants imposition of substantial punitive damages to punish and deter such wanton misconduct involving the sanctity of personal financial affairs.

## 7.   REQUEST FOR DISCLOSURE

7.1.   Pursuant to Tex. R. Civ. P. 194, Plaintiff requests that Defendant disclose the information and materials described in Rule 194.2 within the time period provided under the rules.

## 8.   RELIEF SOUGHT

WHEREFORE, Plaintiff Tariq Farooq requests that Defendant Standard Chartered Bank be cited to appear and answer herein, and that upon completion of due process and final trial, Plaintiff have and recover from Defendant:

a) Actual damages in an amount to be determined;
b) Economic and pecuniary damages;
c) Exemplary and punitive damages;

Plaintiff further requests the Court to award prejudgment and post-judgment interest on all damages awarded to the Plaintiff as allowed by law.

Plaintiff further requests the Court to grant any other relief the court deems just and appropriate in the circumstances.

Dated this 27th Day of March, 2024.

Respectfully submitted,

TARIQ FAROOQ

Plaintiff Pro So
brainsurface@yahoo.com
3500 S. Echo Trl
Plano TX 75023
+1 (214) 498-9888

## **VERIFICATION**

I, the Plaintiff, Tariq Farooq declare under penalty of perjury and under the laws of State of Texas that the foregoing is true and correct to the best of their knowledge and nothing has been concealed therein.

Dated this 27th Day of March, 2024.

*[signature]*

TARIQ FAROOQ

Plaintiff Pro So
brainsurface@yahoo.com
3500 S. Echo Trl
Plano TX 75023
+1 (214) 498-9888

## **CERTIFICATE OF SERVICE**

I, Plaintiff Tariq Farooq, hereby certify that I am serving a true and correct copy of this "Plaintiff's Original Petition" upon the Defendant Standard Chartered Bank on the below mentioned addresses through a Process Server.

1095 Avenue of the Americas, New York, NY 10036

And/Or

1100 TEXAS COMMERCE TWR 600 TRAVIS HOUSTON, TX 77002

And/Or

1980 POST OAK BOULEVARD SUITE 1720 Houston 77056

And/Or

Any other registered serviceable address.

Dated this 27th Day of March, 2024.

TARIQ FAROOQ

Plaintiff Pro So
brainsurface@yahoo.com
3500 S. Echo Trl
Plano TX 75023
+1 (214) 498-9888

STATE OF TEXAS )
COUNTY OF COLLIN )

I, Michael Gould, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 17 day of April A.D., 20 24.

MICHAEL GOULD, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_______________ DEPUTY